NO. 07-11-00342-CR; 07-11-00343-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
NOVEMBER 17, 2011
--------------------------------------------------------------------------------

 
 LARAY DEALY KELLY, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;
 
 NO. A4333-1006, A4334-1006; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ORDER OF ABATEMENT AND REMAND
Appellant, Laray Dealy Kelly, filed notices of appeal from the trial court's determination to adjudicate appellant guilty of two injury to a child offenses, and sentences of 8 years incarceration in the Institutional Division of the Texas Department of Criminal Justice. The appellate court clerk received and filed the trial court clerks record on September 19, 2011. The official court reporter filed the reporter's record with the Clerk of this Court on September 26. Consequently, appellant's brief was due to be filed on or before October 26. On November 2, this Court sent appellant notice that his brief was past due. In that letter, this Court informed appellant that, if he failed to file his brief by November 14, the appeal will be abated and the cause remanded to the trial court without further notice. To date, appellant has not filed his brief nor responded to our November 2[nd] correspondence.
Accordingly, we now abate this appeal and remand the cause to the trial court. See Tex. R. App. P. 38.8(b)(2). The clerk's record reflects that the trial court has appointed James B. Johnston to represent appellant on appeal. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether present counsel for appellant has abandoned the appeal; (4) if appellant desires to prosecute this appeal and is indigent, whether appellants present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellants appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerks record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporters record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerks record or the supplemental reporters record; and (5) cause the records of the proceedings to be sent to this Court. See Tex. R. App. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerks record, supplemental reporters record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than Monday, December 19, 2011. 

Per Curiam
Do not publish.